# IN THE SUPREME COURT OF THE STATE OF NEVADA

JULIUS JACOB LUDWIG,
Appellant,
vs.
RENEE BAKER, WARDEN,
Respondent.

No. 73427

FILED

MAY 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Julius Jacob Ludwig's postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Steven R. Kosach, Senior Judge. Ludwig argues that the district court erred in concluding that he did not receive ineffective assistance of trial and appellate counsel. We disagree and affirm.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). For purposes of the deficiency prong, counsel is strongly

18-18482

presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Strickland*, 466 U.S. at 690. We defer to the district court's factual findings that are supported by substantial evidence and not clearly wrong but review its application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, Ludwig argues that trial counsel should have moved to suppress the seizure of his vehicle and evidence recovered from his storage unit as Fourth Amendment violations. We conclude that the district court did not err in concluding that the seizure of Ludwig's vehicle and the storage unit key and the search of the storage unit were lawful. The vehicle was properly stopped for bearing fictitious plates and matching the burglary victim's description of the perpetrators' vehicle, Ludwig was arrested for driving without a license, and the impound and inventory search were reasonable because the vehicle was in an unsecured public place and needed to be secured until a search warrant could be obtained. *See Diomampo v. State*, 124 Nev. 414, 432-33, 185 P.3d 1031, 1042-43 (2008). Officers testified that the vehicle was towed and impounded consistent with Sparks Police Department policy. *See id.* at 432, 185 P.3d at 1042; *see also United States v. Betterton*, 417 F.3d 826, 830 (8th Cir.2005) (holding that officer testimony as to police department impounding policy suffices). To the extent that Ludwig contends that officers were required to obtain a warrant before impounding the vehicle, he proffers no authority for this contention, and this court has upheld the propriety of such police action without a warrant. *See Diomampo*, 124 Nev. at 432, 185 P.3d at 1043. Ludwig also proffers no authority for his claim that a warrant was required to seize the storage unit key that was on a key ring with the vehicle key where the keys

had already been lawfully seized in the course of the vehicle's inventory search. The search of the storage unit and the containers therein was proper because the renter of the unit, who had permitted Ludwig to use part of the space, expressly consented to its search and Ludwig took no apparent steps to protect his privacy interest in the containers from the renter. *See Casteel v. State*, 122 Nev. 356, 360, 131 P.3d 1, 3 (2006) (holding that defendant's girlfriend had authority to consent to search of defendant's closed bag located in apartment they shared, noting that defendant took no apparent steps to secure his privacy interest or deny his girlfriend access to the bag). As these suppression claims lacked merit, trial counsel was not ineffective in omitting them. *See Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006). The district court therefore did not err in denying this claim.[1]

Ludwig next argues that appellate counsel should have raised an insufficient-evidence claim as to his two burglary convictions. The first victim testified that he saw a man inside his house; that property was stolen from inside his house, including a watch that he identified in Ludwig's storage unit; and that he saw Ludwig fleeing outside. The second victim testified that she saw a woman in a strange car parked in her driveway, that property was missing from inside her house, and that police found some

---

[1]Ludwig's vague allegations that he had a conflict with trial counsel and that trial counsel generally failed to present a meaningful defense fail to show that counsel was ineffective. The record does not show that trial counsel was conflicted, but rather that Ludwig disagreed with counsel's tactical decisions. *See Morris v. Slappy*, 461 U.S. 1, 13-14 (1983) (holding that defendant is not entitled to a "meaningful relationship" with counsel); *Rhyne v. State*, 118 Nev. 1, 8, 38 P.3d 163, 167 (2002) (recognizing that the trial lawyer alone is entrusted with tactical decisions concerning the conduct of the defense).

of this property on an adjoining hillside. The responding officer pulled over Ludwig driving a vehicle with a woman passenger that the second victim identified as the car and woman that were in her driveway and noted that Ludwig was sweating heavily. The second victim's neighbor testified that he saw Ludwig running through the hills near his and the second victim's homes. The evidence presented was sufficient for a rational juror to reasonably infer that Ludwig entered the two houses with larcenous intent. *See* NRS 205.060(1); NRS 205.065; *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998). Accordingly, appellate counsel was not ineffective in omitting a futile insufficient-evidence claim. The district court therefore did not err in denying this claim.

Having considered Ludwig's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____ *Cherry*, J.
Cherry

_____, J.            _____, J.
Parraguirre                    Stiglich

cc:  Chief Judge, Second Judicial District Court
     Hon. Steven R. Kosach, Senior Judge
     Karla K. Butko
     Attorney General/Carson City
     Washoe County District Attorney
     Washoe District Court Clerk